ELIAS MENDIOLA v. THE STATE.

No. 18569. Delivered November 12, 1936.

The opinion states the case.

*E. H. Talbert,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for negligent homicide, punishment being assessed at confinement in the county jail for one month.

No bills of exception appear in the record. The motion for new trial raises only two questions, one that the complaint and

information are insufficient, the other that the evidence does not support the conviction.

We discover no vice in the State's pleading. The prosecution grew out of a collision between two motor vehicles. The facts make it apparent that a blackboard or map was used in developing the evidence and the witnesses would indicate from the map the movements of the cars. This may have been perfectly clear to the trial judge who tried the case, but it makes a very confusing record for the appellate court.

By an oversight possibly in developing the case, or in preparing the statement of facts, the record fails to show that the party injured as a result of the accident is dead. The record shows that after the accident he was sitting up by the side of the building into which his truck crashed. He was alive at that time but did not speak to witnesses who went to him. An ambulance came and carried him to the hospital. No further mention of him is found in the statement of facts. Of course, there could be no kind of a homicide unless death resulted. Art. 1201, P. C.

The judgment is revesed and the cause remanded.

*Reversed and remanded.*